**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| RICHARD A. PRICE | : | |
| | : | |
| Appellant | : | No. 495 EDA 2022 |

Appeal from the PCRA Order Entered February 3, 2022
In the Court of Common Pleas of Philadelphia County Criminal Division at
No(s):  CP-51-CR-0008805-2018

BEFORE:   PANELLA, P.J., DUBOW, J., and STEVENS, P.J.E.[*]

MEMORANDUM BY DUBOW, J.:                          **FILED JUNE 30, 2023**

Appellant, Richard A. Price, appeals from the February 3, 2022 Order dismissing his first Petition filed pursuant to the Post Conviction Relief Act ("PCRA"), 42 Pa.C.S. §§ 9541-46, as meritless. Appellant claims that his plea counsel provided ineffective assistance and, as a result, Appellant entered his guilty plea involuntarily and unknowingly. After careful review, we reverse and remand for further proceedings.

The relevant facts and procedural history are as follows. On December 4, 2018, the Commonwealth filed a Criminal Complaint against Appellant charging him with 17 counts related to his sexual assault of a minor. Due to several factors, including delays in processing DNA evidence and the victim's

---

[*] Former Justice specially assigned to the Superior Court.

failure to appear in court, there were numerous continuances granted for the trial. Once the DNA evidence was processed, there was insufficient data to determine if DNA material found in the victim's underwear originated from Appellant, but he was not excluded as a contributor.

On October 21, 2019, Appellant entered a guilty plea to one count of Indecent Assault of a Person Less than 16 Years Old and one count of Unlawful Contact with a Minor[1] in exchange for which the Commonwealth *nolle prossed* the other charges. On the same day, the trial court sentenced Appellant to an aggregate term of 11½ to 23 months of imprisonment, followed by 3 years of probation. Appellant was immediately paroled, having already served 11½ months. Appellant did not file a post-sentence motion or an appeal from his Judgment of Sentence.

On March 5, 2020, the Commonwealth arrested Appellant for a probation violation. On March 13, 2020, the court ("VOP court") held a hearing after which it found that Appellant had violated the term of his probation requiring that he attend drug treatment. The VOP court imposed a sentence of 11½ to 23 months of imprisonment, followed by 5 years of probation.

On June 23, 2020, Appellant timely filed the instant PCRA petition *pro se*, claiming that his guilty plea was unlawfully induced because he was not informed of DNA evidence results that may have exonerated him. Petition,

---

[1] 18 Pa.C.S. §§ 3126(a)(8), 6318(a)(1), respectively.

6/23/20, at 2-3. The PCRA court appointed counsel who filed an Amended PCRA Petition developing Appellant's argument that plea counsel had provided ineffective assistance that caused Appellant to enter an involuntary and unknowing plea. Amended Petition, 4/6/21, at 6. In particular, Appellant asserted that plea counsel failed to disclose the results of the DNA analysis and erroneously advised Appellant to opt for the plea and resulting immediate release rather than risk facing a "hanging judge." *Id.* at 10.

On November 1, 2021, the PCRA court provided notice of its intent to dismiss Appellant's PCRA petition pursuant to Pa.R.Crim.P. 907.[2] Appellant did not respond. On January 12, 2022, the PCRA court dismissed Appellant's petition without a hearing.

This appeal followed. Both Appellant and the PCRA court have complied with Pa.R.A.P. 1925.

Appellant raises the following issues on appeal:

1. Whether the [PCRA] court erred in not granting relief on the PCRA petition alleging counsel was ineffective[?]

2. Whether [t]rial [c]ounsel's assistance was ineffective for causing the Appellant to enter an involuntary or unknowing plea[?]

Appellant's Br. at 7.

---

[2] The lower court opined that the PCRA Petition was untimely filed before addressing the merits of the claims raised. *See* Notice of Intent to Dismiss pursuant to Pa.R.Crim.P. 907, 1/12/2020, at 2. Our review indicates, however, that Appellant's PCRA petition was timely filed on June 23, 2020, within one year of the date the judgment became final. 42 Pa.C.S. § 9545(b)(1).

We review a PCRA court's decision to deny a request for an evidentiary hearing for an abuse of discretion. **Commonwealth v. Mason**, 130 A.3d 601, 617 (Pa. 2015). Where a PCRA Petition raises "material disputes regarding the reasonableness of counsel's actions, a hearing is required." **Commonwealth v. Reid**, 99 A.3d 470, 501 n.26 (Pa. 2014); **see also** Pa.R.Crim.P. 908(A)(2) (requiring a PCRA hearing "when the petition for post-conviction relief . . . raises material issues of fact"). Additionally, our Supreme Court has expressed a preference for an evidentiary hearing on counsel's action or inaction where a petitioner has raised "a colorable claim" of ineffectiveness. **Commonwealth v. Cousar**, 154 A.3d 287, 299 (Pa. 2017).

To succeed on a claim of ineffective assistance of counsel, Appellant must demonstrate that (1) the underlying claim is of arguable merit; (2) counsel's performance lacked a reasonable basis; and (3) the ineffectiveness of counsel caused the appellant prejudice. **Commonwealth v. Wah**, 42 A.3d 335, 338 (Pa. Super. 2012). "[A]llegations of ineffectiveness in connection with the entry of a guilty plea will serve as a basis for relief only if the ineffectiveness caused the defendant to enter an involuntary or unknowing plea." **Id.** (citation omitted). "Where the defendant enters his plea on the advice of counsel, the voluntariness of the plea depends on whether counsel's advice was within the range of competence demanded of attorneys in criminal cases." **Id.** (citation omitted).

Appellant argues that plea counsel was ineffective because plea counsel failed to disclose DNA reports which could have exonerated Appellant.

- 4 -

Appellant's Br. at 13. Appellant claims that "had he been aware of the [DNA] reports, he never would have pled guilty." *Id.* at 14. Additionally, Appellant asserts that plea counsel urged Appellant to take the plea so that Appellant could be immediately released, rather than face a "hanging judge," further jail time, and additional continuances of the trial. *Id.* at 13-14.

The PCRA court reasoned that Appellant's ineffective assistance of counsel claim lacked merit because Appellant "stated at his guilty plea that he was very satisfied with his counsel" and indicated no deficiencies in either his written guilty plea colloquy or the oral colloquy. PCRA Ct. Op., 8/4/22, at 5-6. Further, the court reiterated that in exchange for Appellant's guilty plea, the Commonwealth *nolle prossed* all remaining charges and Appellant was immediately paroled, indicating that plea counsel's advice had a reasonable basis. *Id.* at 6. The PCRA court concluded that Appellant had not shown that "counsel's advice was unreasonable or that he entered the plea unknowingly." *Id.*

After reviewing the record and case law, we conclude that Appellant presents a colorable claim of ineffectiveness and a material dispute regarding plea counsel's actions. While it may be true that the actions of plea counsel resulted in immediate release from custody, Appellant indicates that he only opted for immediate release due to the uncertainty caused by the multiple continuances granted due to victim's failure to appear in court and the delays in DNA processing. *Id.* at 13. Appellant "had been in jail for eleven months[,] . . . was sick due to his diabetes," and took the plea on the advice of plea

- 5 -

counsel to avoid further continuances. *Id.* Additionally, Appellant claims that while trial counsel informed Appellant that DNA reports were not available at the time of the guilty plea, the reports had in fact been completed months earlier. *Id.* at 14.

Under these circumstances, the certified record and Appellant's petition indicate an outstanding question of fact as to when Appellant and plea counsel learned of the DNA evidence and whether ineffective assistance of counsel prejudiced Appellant. To resolve these questions, the PCRA court must make a credibility determination weighing the evidence set forth in Appellant's petition and related testimony, as well as plea counsel's recollection of events.

Since neither this Court nor the PCRA court could resolve these factual questions based on the information in the certified record alone, a hearing is necessary. We, therefore, reverse the PCRA court's order dismissing Appellant's claim of ineffective assistance of plea counsel, and remand to the PCRA court to hold an evidentiary hearing.

Order reversed. Case remanded. Jurisdiction relinquished.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 6/30/2023